IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID L. SHAW, PRO SE, | § | |
| also known as | § | |
| DAVID FOUNTAIN, | § | |
| TDCJ-CID No. 689847, | § | |
| Previous TDCJ-CID No. 608901, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:10-CV-0028 |
| | § | |
| NFN PHILLIPS, Captain, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

The claims in this cause were severed from cause no. 2:09-CV-0245 by Order to Sever Claims issued February 4, 2010.

Plaintiff DAVID L. SHAW, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, at the Tulia Transfer Facility, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

By his November 9, 2009, Amended Complaint, plaintiff Shaw claims his due process rights were violated when he was removed from his disciplinary hearing in disciplinary case no. 20070210664 because he was crying. When asked by the Court what punishment he received, plaintiff responded he received 45 days of recreation, property, and cell restriction and a demotion from L2 to L3[1]. When asked whether he lost any goodtime credits, plaintiff responded

---

[1] See plaintiff's March 18, 2010 response to the Court's Questionnaire at question no. 3.

he didn't know but he thought he did[2].  In any event, plaintiff stated his disciplinary case had not been reversed on administrative appeal or called into question by a federal habeas case[3].

Plaintiff requests unspecified declaratory relief, compensatory and punitive damages, restoration of line class and goodtime, and that the "system" be "place[d] . . . back into hand of federal athorities [sic]."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[4], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[5].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[2] See plaintiff's March 18, 2010 response to the Court's Questionnaire at question no. 4.

[3] See plaintiff's March 18, 2010 response to the Court's Questionnaire at question no. 5.

[4] A claim is frivolous if it lacks an arguable basis in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see* also, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[5] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

In the instant case, plaintiff has pled both that he did and did not lose any goodtime in the disciplinary hearing.

To the extent that plaintiff lost goodtime, plaintiff requests the return of all lost goodtime and class status. A claim for good-time credits is foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and plaintiff must seek such relief through habeas. *Wolff v. McDonnell*, 418 U.S. 538, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973). Further, to grant the relief requested, the Court would first have to find the disciplinary charge and the determination of guilt to have been invalid. In the wake of *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997), the *Heck* doctrine is now applied to the prison disciplinary setting. For this reason, plaintiff's claim is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have already been overturned, either on administrative appeal, through habeas, or by some other means. *See, also, Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995)(citing *Ordaz v. Martin*, 5 F.3d 529 (5th Cir. 1993)(unpublished)). Plaintiff's Questionnaire response affirmatively demonstrates that his disciplinary case has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Consequently, plaintiff's challenge to the December 1995 disciplinary case and hearing lacks an arguable basis in law and is frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Alternatively, assuming plaintiff lost no goodtime and despite his request for a return of goodtime, the Court further notes that, in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held an inmate's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 474, 115 S.Ct. at 2295. Thus, in the wake of S*andin*, the ambit of a prisoner's potential Fourteenth Amendment due process liberty claims has been dramatically narrowed and prisoners may no longer comb through state statutes and prison regulations searching for the "grail of limited discretion" upon which to base a due process liberty claim. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Instead, a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)). Moreover, the effect on the duration of his sentence that a reduction in class has upon an inmate's ability to earn good-time credits is too speculative and too attenuated to invoke the procedural guarantees of the Due Process Clause. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)(citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

Therefore, if plaintiff did not lose any goodtime as punishment in the disciplinary hearing, as plaintiff appears to state in his response to Question no. 3 of the Court's March 1, 2010 Questionnaire, plaintiff has no federally protected due process interest in the hearing

procedure and his ejection from the hearing did not violate his federal due process rights. Plaintiff's claim in this respect lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff DAVID L. SHAW be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of March, 2011.

_/s/ Clinton E. Averitte_
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).